(Supreme Court, Special Term, Albany County. October, 1902.)

1. RAILROADS—RETURN OF RAILROAD COMMISSIONERS—NEW ROAD.

Railroad Laws 1892, c. 676, § 59, provides that no railroad corporation shall exercise the powers conferred by law until the railroad commissioner's shall certify that public convenience requires the building of the road. *Held* that, on review by certiorari of a certificate of such board that public convenience required the building of a proposed road, the board cannot be compelled to return statements made to it as to the financial character of the promoters of the proposed road.

Application by the people, on the relation of the New York, New Haven & Hartford Railroad Company, for writ of certiorari to the board of railroad commissioners. Motion to modify the writ. Granted.

Henry W. Taft, for relator.
John C. Davies, Atty. Gen., for defendant.

CHESTER, J. The railroad law (Laws 1892, c. 676, § 59) provides that "no railroad corporation hereafter formed  *  *  *  shall

exercise the powers conferred by law upon such corporations or begin the construction of its road * * * until the board of railroad commissioners shall certify * * * that public convenience and a necessity require the construction of said railroad." The board of railroad commissioners have so certified with respect to the proposed road of the New York & Portchester Railroad Company, running part of the way side by side, and all of the way not more than about two miles from, the Harlem River & Portchester Railroad, which is leased to and operated by the relator. The relator has sued out a writ of certiorari to review the action of the board in granting such certificate, and the board has made this motion for an order modifying the writ so as not to require it to make return of any statements made to it in executive session with respect to the financial backing of the New York & Portchester Railroad Company or its financial ability to build such road.

The only purpose of the writ is to permit the relator to have reviewed the correctness of the conclusion of the board that public convenience and a necessity require the construction of the proposed railroad. To that end all evidence before the board upon which it acted and which was material to the determination of those questions should be returned. But no statements made to the board, either in executive or open session, as to the financial ability of the promoters to build the road, or as to the bona fides of the enterprise, can have any relation to, or bearing upon, either the question of public convenience or the question of the necessity for the road. Those are entirely different questions, and for their determination the board could not properly consider any evidence, statements, or information as to the financial condition or good faith of the applicant.

The fact that the board has made a standing rule, relating to applicants for a certificate of this character, requiring them to make proof before it of the bona fides of the enterprise and of the financial ability of the projectors to build the road, cannot alter or affect the question. The rule may be a proper one to aid the board in the discharge of a public duty, yet under the law the only questions for it to pass upon are the questions of public convenience and necessity, and, in order to review under this writ the correctness of its determination, it is not essential that it should be required to make return of matters which are entirely foreign to those questions. The motion is granted.

Motion granted.